# In re Road in Otto Township.　Appeal of Commissioners of McKean County.

*Constitutional law—Statutes—Title of act—Road law—Act of April 15, 1891.*

The second proviso of the Act of April 15, 1891, P. L. 17, entitled " An act to provide for an appeal by county commissioners, cities or other municipalities and all persons interested in the damages awarded for laying out, widening, grading, opening or changing the lines or grades of any public street, road or alley in this commonwealth, from the decree of the court of quarter sessions confirming the report of the viewers assessing such damages," violates section 3 article 3, of the constitution, inasmuch as the subject of the proviso is not so clearly expressed in the title of the act as to give any notice of the legislative purpose.

Argued May 3, 1897.　Appeal, No. 445, Jan. T., 1896, from judgment of Superior Court, Feb. T., 1897, No. 5, reversing the Court of Quarter Sessions of McKean County.　Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Appeal from Superior Court.
The case was reported in 2 Pa. Superior Ct. 20.

*Error assigned* was in reversing the judgment of the court of quarter sessions of McKean county.

*Thomas F. Richmond,* for appellants, cited on the constitutionality of the act: Phila. v. Ry. Co., 142 Pa. 484 ; Com. v. Green, 58 Pa. 234; Yeager v. Weaver, 64 Pa. 425 ; Com. v. Samuels, 163 Pa. 283 ; Donley v. Pittsburgh, 147 Pa. 348 ; Com. v. Butler, 99 Pa. 540; Allegheny County Home's Case, 77 Pa. 77 ; R. R. Co.'s App., 77 Pa. 429 ; Fredericks v. Penna. Canal Co., 109 Pa. 55; Com. v. Keystone Benefit Assn., 171 Pa. 473; R. R. Co. v. Riblet, 66 Pa. 169; Com. v. Sellers, 130 Pa. 32; Com. v. Depuy, 148 Pa. 201 ; Harris's App., 160 Pa. 494 ; Millvale Boro. v. Ry. Co., 131 Pa. 1 ; Washington Boro. v. McGeorge, 146 Pa. 248; Com. v. Edgerton Coal Co., 164 Pa. 284 ; Lehigh Valley Coal Co.'s App., 164 Pa. 44 ; Ayars' App., 122 Pa. 266; Weinman v. Pass. Ry. Co., 118 Pa. 202.

*W. E. Burdick,* for appellee, cited on the constitutionality of the act: Dorsey's App., 72 Pa. 192; Rogers v. Mfgs.' Imp. Co., 109 Pa. 109; Com. ex rel. Atty. Genl. v. Samuels, 163 Pa. 287; Road in Phœnixville, 109 Pa. 44; Pa. R. R. v. Riblet, 66 Pa. 164; Perkins v. Phila., 156 Pa. 558; In the Matter of Webb, 24 How. Pr. 247; Minis v. United States, 15 Pet. 445; Voorhees v. Bank, 10 Pet. 471; Wayman v. Southard, 10 Wheat. 30; Dewhurst v. Allegheny, 95 Pa. 437; Fox's App., 112 Pa. 337.

PER CURIAM, May 24, 1897:

We find nothing in either of the specifications of error that would justify a reversal or modification of the judgment. The Superior Court was clearly right in holding that the second proviso in the first section of the act of April 15, 1891, is unconstitutional and void. Its judgment is so fully vindicated in the opinion sent up with the record that it is unnecessary to add anything to the reasons therein given.

Judgment affirmed.